E-FILED
Thursday, 16 January, 2020 02:37:42 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| **WESTFIELD INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, et al.,**<br><br>**Defendants.** | **No. 16-cv-3298** |
| **INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HOLLIS SHAFER et al.,**<br><br>**Defendants.** | **No. 14-cv-3040** |

**OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Pending before the Court is Defendant/Counter-Plaintiff Star Insurance Company's (Star) Submission of Damage Calculations, Including Prejudgment Interest (as Ordered by the Court) (Case No.

16-3298 d/e 115, Case No. 14-3040 d/e 126) (Star Submission), and Indemnity Insurance Company of North America's (Indemnity) Response and Objection to Calculation of Star Insurance Company (Case No. 16-3298 d/e 116, Case No. 14-3040 d/e 127) (Indemnity Objection). Star and Westfield Insurance Company (Westfield) paid the costs to defend the Defendants in an underlying action Alvin Marsh, et al. v. Brian R. Bradshaw, et al., Scott County, Illinois Case No. 2010-L-3 (Underlying Action or Marsh Litigation). This Court determined that Indemnity is obligated to pay a pro rata share of the defense costs to Star and Westfield, plus prejudgment interest. Opinion entered October 28, 2019 (Case No. 16-3298 d/e 111, Case No. 14-3040 d/e 121) (Summary Judgment Opinion).

The Court directed the parties to meet, confer, and submit an agreed calculation of the fees and costs paid by Westfield and Star to defend the Underlying Action, the pro rata share owed by Indemnity to Westfield and Star, and the appropriate amount of prejudgment interest. If the parties could not agree, the Court directed the parties to file their own calculations. The Court would then resolve the dispute and enter final judgment. Id. at 64-65.

Indemnity and Westfield agreed that Indemnity's pro rata share of defense costs paid by Westfield and prejudgment interest totaled $535,466.22. Agreed Calculation Regarding Fees and Costs Pursuant to Opinion Dated October 28, 2019 (Case No. 16-3298 d/e 113, Case No. 14-3040 d/e 123), at 2. Star did not agree to the $535,466.22 figure as Indemnity's pro rata share of its defense costs and accrued prejudgment interest. Pursuant to this Court's instructions, Star filed its own calculations in the Star Submission. Star calculates Indemnity's pro rata share and prejudgment interest to be a total of $576,506.20. Star Submission, at 5.

Star claims that Indemnity's pro rata share plus prejudgment interest is $41,039.98 more than the amount that Indemnity and Westfield agreed upon. A significant part of this difference in the calculations relates to whether Indemnity should reimburse Star for the $54,915.72 in fees and costs Star paid to the law firm of Paule Camazine and Blumenthal (Paule Firm). See Plaintiff Star Insurance Company's Motion for Summary Judgment (Case No. 16-3298 d/e 93) (Star Summary Judgment Motion) (Case No. 14-3040 d/e 103), at 16. Indemnity disputes whether the Paule Firm defended the Defendants in the Underlying Action.

Star relies on evidence that conflicts on whether the Paule Firm represented the Defendants in the Underlying Action. Star relies on an affidavit of Star's counsel in this action Mark Zimmerman submitted as Exhibit V in support of the Star Summary Judgment. Star Submission, at 2. Attorney Zimmerman stated in this affidavit, in pertinent part:

> 2. Attached hereto as Exhibit A are true and correct copies of invoices from the Paule Camazine & Blumenthal, P.C. ("Paule Camazine") law firm that were contained in Star's claim file and produced by Star in this litigation. The Paule Camazine Invoices reflect certain fees and costs incurred in defending [Defendants] in the Marsh Litigation.

Star Summary Judgment Motion, Exhibit V, Affidavit of Mark Zimmerman, ¶ 2. Zimmerman states that the fees were incurred in defending the Underlying Action. Star, however, also relies on the affidavits of attorneys Edward Dwyer and Stephen Kaufmann, from the law firms of Hodge, Dwyer, and Dwyer and Hepler Broom. Dwyer and Kaufmann state that their two law firms represented the Defendants in the Underlying Action. Star Summary Judgment Motion, Exhibit R, Affidavit of Edward W. Dwyer in Support of Star Insurance Company's Motion for Summary Judgment dated June 6, 2019, ¶¶ 2-3, Exhibit U, Affidavit of Edward W. Dwyer dated June

1, 2019, ¶¶ 3-6, and Exhibit T, Affidavit of Stephen R. Kaufmann, ¶¶ 3-6. Dwyer and Kaufmann nowhere indicate that the Paule Firm defended the Defendants in the Underlying Action.

At this point, the Court cannot tell whether the Paule Firm represented the Defendants in the Underlying Action, represented Star, or represented some other client in connection with the Underlying Action. Given the conflicting evidence, the Court cannot tell whether Indemnity should be required to pay a pro rata share of the fees that Star paid to the Paule Firm. The Court requires additional evidence clarifying the nature of the Paule Firm's participation in the Underlying Action.

**CONCLUSION**

**THEREFORE, the Court directs Star Insurance Company to submit competent evidence, either affidavits or declarations from persons with personal knowledge or other competent documentary evidence, to establish the nature of Paule Firm's involvement in the Underlying Action, including the identity of its client and the nature of the work performed for that client. Such information is necessary before the Court can determine whether Indemnity should be required to pay a pro rata share**

**of the Paule Firm's fees and costs included in Star's calculation. The Court directs Star Insurance Company to submit such evidence by February 21, 2020.**

**ENTER: January 16, 2020**

**s/ Sue E. Myerscough**
**UNITED STATES DISTRICT JUDGE**